UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RONALD STEVEN THOMPSON, | ) | 1:09-cv-00517-OWW-BAK-GSA HC |
| Petitioner, | ) ) | FINDINGS AND RECOMMENDATIONS REGARDING PETITION FOR WRIT OF HABEAS CORPUS (Doc. 1) |
| v. | ) ) | |
| THE PEOPLE OF THE STATE OF CALIFORNIA, | ) ) ) | ORDER DIRECTING THAT OBJECTIONS BE FILED WITHIN THIRTY DAYS |
| Respondent. | ) ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**BACKGROUND**

Petitioner is currently in the custody of the California Department of Corrections and Rehabilitation pursuant to a judgment of the Superior Court of California, County of Kern, and subsequent sentence of twenty-five years to life with the possibility of parole. (Doc. 1, p. 1). The petition raises the following grounds for relief: (1) prosecutorial misconduct during comments to jurors and judicial misconduct in showing emotion toward victim; (2) erroneous instruction to jury on Count 8 regarding California's "one-strike" law; (3) error in the burden of proof instruction to

jurors; (4) cumulative error regarding grounds one, two, and three; (5) ineffective assistance of trial counsel to investigate and prepare case; (6) improper communication between jury and witnesses during trial; (7) improprieties during jury selection; (8) violation of Petitioner's 6th and 14th Amendment rights by applying Penal Code § 784.7 to afford jurisdiction regarding Counts 4 and 8; (9) sentence was cruel and unusual; (10) violation of Petitioner's right to confront witnesses; and (11) the testimony of two minors conflicted on multiple points thus showing the minors were incompetent as witnesses.

## DISCUSSION

A. Exhaustion of State Remedies

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir.2000), *amended*, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir.1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998). In Duncan, the United States Supreme Court reiterated the rule as follows:

In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion

of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct alleged violations of the prisoners' federal rights'" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366. The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident*," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

B. Several Claims Are Not Exhausted.

In the instant petition, Petitioner alleges that he has presented the following claims to the California Supreme Court: (1) Sixth Amendment right violation; (2) prosecutorial misconduct; (3) error in instruction regarding "one-strike" law; (4) error in burden of proof instruction; (5) deprivation of due process and fair trial; (6) misapplication of Cal. Penal Code § 784.7 regarding jurisdiction for Counts 4 and 8; and (7) the sentence constitutes cruel and unusual punishment. (Doc. 1, p. 2).

Although, due to the overall vagueness of several of the claims, it is difficult to precisely correlate the seven claims above to seven of the claims listed in the instant petition, simple subtraction makes it obvious that, at the very least, four of the eleven claims in the instant petition have never been presented to the California Supreme Court. Indeed, Petitioner acknowledges in his petition that Grounds Five, Six, Seven, Eight, Nine, and Ten were never included in the direct state

appeal of his conviction nor has he ever presented them in to the state supreme court by way of state habeas proceedings.[1]

The instant petition is thus a mixed petition containing exhausted and unexhausted claims. The Court must dismiss a mixed petition without prejudice to give Petitioner an opportunity to exhaust the claim if he can do so. See Rose, 455 U.S. at 521-22. However, Petitioner will be provided with an opportunity to withdraw the unexhausted claim and go forward with the exhausted claim.

## RECOMMENDATION

Accordingly, the Court RECOMMENDS that the Petition for Writ of Habeas Corpus be DISMISSED without prejudice.[2] This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.

Petitioner may, at his option, move to withdraw the unexhausted claims within thirty (30) days of the date of service of this Recommendations and proceed with only the exhausted claims. If Petitioner fails to withdraw the unexhausted claims within the thirty (30) day time frame, the Recommendations will be submitted to the District Judge for dismissal of the petition so Petitioner can return to state court to exhaust his unexhausted claims. Rose, 455 U.S. at 520. This dismissal

---

[1] Regarding Ground Eleven, Petitioner does not indicate whether he has ever presented that claim to the California Supreme Court. Petitioner does not explain the apparent discrepancy in the petition when he indicates, on page 2, that he exhausted the claim of cruel and unusual punishment while also alleging, on page 23, that the claim is unexhausted because his court appointed appellate attorney did not raise that issue.

[2] A dismissal for failure to exhaust is not a dismissal on the merits, and Petitioner will not be barred from returning to federal court after Petitioner exhausts available state remedies by 28 U.S.C. § 2244 (b)'s prohibition on filing second petitions. See In re Turner, 101 F.3d 1323 (9th Cir. 1996). However, the Supreme Court has held that:

> [I]n the habeas corpus context it would be appropriate for an order dismissing a mixed petition to instruct an applicant that upon his return to federal court he is to bring only exhausted claims. See Fed. Rules Civ. Proc. 41(a) and (b). Once the petitioner is made aware of the exhaustion requirement, no reason exists for him not to exhaust all potential claims before returning to federal court. The failure to comply with an order of the court is grounds for dismissal with prejudice. Fed. Rules Civ. Proc. 41(b).

Slack v. McDaniel, 529 U.S. 473, 489 (2000). Therefore, Petitioner is forewarned that in the event he returns to federal court and files a mixed petition of exhausted and unexhausted claims, the petition may be dismissed with prejudice.

will not bar Petitioner from returning to federal court after exhausting available state remedies. However, this does not mean that Petitioner will not be subject to the one year statute of limitations imposed by 28 U.S.C. § 2244(d). Although the limitations period is tolled while a properly filed request for collateral review is pending in state court, 28 U.S.C. § 2244(d)(2), it does not toll for the time an application is pending in federal court. Duncan v. Walker, 531 U.S. 991 (2001).

Within thirty (30) days after being served with a copy of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the Objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the Objections. Provided Petitioner does not move to withdraw the unexhausted claim, the Finding and Recommendation will be submitted to the District Court for review of the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **May 27, 2009**  /s/ **Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE