1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RONALD STEVEN THOMPSON, | ) | 1:09-cv-00517-OWW-BAK-GSA HC |
| Petitioner, | ) | |
| | ) | FINDINGS AND RECOMMENDATIONS |
| v. | ) | REGARDING FIRST AMENDED PETITION |
| | ) | FOR WRIT OF HABEAS CORPUS (Doc. 11) |
| | ) | |
| | ) | ORDER DIRECTING THAT OBJECTIONS |
| THE PEOPLE OF THE STATE OF | ) | BE FILED WITHIN THIRTY DAYS |
| CALIFORNIA, | ) | |
| | ) | ORDER WITHDRAWING FINDINGS AND |
| Respondent. | ) | RECOMMENDATIONS DATED MAY 27, |
| | ) | 2009 (Doc. 10) |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## BACKGROUND

Petitioner is currently in the custody of the California Department of Corrections and Rehabilitation pursuant to a judgment of the Superior Court of California, County of Kern, and subsequent sentence of twenty-five years to life with the possibility of parole. (Doc. 1, p. 1). The original petition was filed on March 19, 2009, and raised the following grounds for relief: (1) prosecutorial misconduct during comments to jurors and judicial misconduct in showing emotion toward victim; (2) erroneous instruction to jury on Count 8 regarding California's "one-strike" law;

(3) error in the burden of proof instruction to jurors; (4) cumulative error regarding grounds one, two, and three; (5) ineffective assistance of trial counsel to investigate and prepare case; (6) improper communication between jury and witnesses during trial; (7) improprieties during jury selection; (8) violation of Petitioner's 6th and 14th Amendment rights by applying Penal Code § 784.7 to afford jurisdiction regarding Counts 4 and 8; (9) sentence was cruel and unusual; (10) violation of Petitioner's right to confront witnesses; and (11) the testimony of two minors conflicted on multiple points thus showing the minors were incompetent as witnesses.

During the preliminary screening of the original petition, the Court determined that several of the grounds for relief had not been exhausted in state court. Indeed, Petitioner acknowledged in the original petition that Grounds Five, Six, Seven, Eight, Nine, and Ten were never included in the direct state appeal of his conviction and that he had never presented those claims to the state supreme court by way of state habeas corpus proceedings.[1]

Accordingly, on May 27, 2009, the Court issued Findings and Recommendations to dismiss the petition as unexhausted. (Doc. 10). The Court's Findings and Recommendations gave Petitioner the option of requesting dismissal of the unexhausted claims in lieu of outright dismissal. The Findings and Recommendations permitted any party to file objections to the Findings and Recommendations within thirty days. (Id.). Petitioner never filed objections to the Findings and Recommendations; however, on July 7, 2009, before the Findings and Recommendations were adopted by the U.S. District Judge, Petitioner filed an amended petition that sought to correct the exhaustion problems the Court had identified in the original petition. (Doc. 11). After conducting a preliminary review of the amended petition, the Court once again concludes that the petition is "mixed," i.e., that is contains both exhausted and unexhausted claims, and should therefore be dismissed.

///

///

---

[1] Regarding Ground Eleven, Petitioner did not indicate whether he had ever presented that claim to the California Supreme Court. Petitioner did not explain the apparent discrepancy in the petition where he indicated, on page 2, that he exhausted the claim of cruel and unusual punishment, while also alleging, on page 23, that the claim is unexhausted because his court appointed appellate attorney did not raise that issue.

# DISCUSSION

## A.  Exhaustion of State Remedies

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1).  The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations.  Coleman v. Thompson, 501 U.S. 722, 731 (1991);  Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996).  A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim.  Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir.2000), amended, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir.1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998).  In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct alleged violations of the prisoners' federal rights'" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366.  The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to*

*that court that those claims were based on federal law.* <u>See</u> <u>Shumway v. Payne</u>, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in <u>Duncan</u>, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident,"* <u>Gatlin v. Madding</u>, 189 F.3d 882, 889 (9th Cir. 1999) (<u>citing</u> <u>Anderson v. Harless</u>, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. <u>Hiivala v. Wood</u>, 195 F3d 1098, 1106-07 (9th Cir. 1999); <u>Johnson v. Zenon</u>, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .

In <u>Johnson</u>, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

<u>Lyons v. Crawford</u>, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

B. <u>The Amended Petition Contains Both Exhausted And Unexhausted Claims</u>.

In the amended petition, Petitioner raises the following claims: (1) ineffective assistance of trial counsel (fifteen separate grounds); (2) improper communication between the jury and witnesses; (3) bias in the jury selection process; (4) violation of Petitioner's constitutional right to confront witnesses; (5) sentence violated Sixth Amendment; (6) prosecutorial misconduct during jury arguments; (7) instructional error as to one-strike law on Count 8; (8) instructional error in giving jury instructions nos. 103 and 220; (9) erroneous use of California Penal Code § 784.7 as jurisdiction for counts 4 and 8 violated Sixth and Fourteenth Amendments; (10) sentence violates the Eighth Amendment as cruel and unusual; and (11) cumulative errors denied Petitioner due process and fair trial.  (Doc. 11, pp.  6-12; Attach. A).

In the amended petition, Petitioner alleges that he has already presented the following claims to the California Supreme Court in his direct appeal: (1) Sixth Amendment right violation; (2) prosecutorial misconduct; (3) error in instruction regarding "one-strike" law; (4) error in instructing jury on nos. 103 and 220; (5) deprivation of due process and fair trial; (6) misapplication of Cal. Penal Code § 784.7 regarding jurisdiction for Counts 4 and 8; and (7) the sentence constitutes cruel and unusual punishment.  (Doc. 11, p. 3).

In his original petition, Petitioner acknowledged that six of his claims had never been presented to the California Supreme Court.  Now, however, Petitioner maintains that Grounds One through Five, though never presented to the California Supreme Court in his direct appeal, are now

exhausted through a motion to "reopen direct appeal to present unexhausted claims," which Petitioner purportedly filed in the California Supreme Court in Case no. F052435.  (Doc. 11, p. 4).

In an effort to verify Petitioner's allegation of exhaustion, the Court consulted the California courts' electronic database, which indicates that Petitioner filed a direct appeal in the California Court of Appeal, Fifth Appellate District ("5th DCA"), on March 15, 2007, and that the conviction and sentence were affirmed by that Court in an opinion dated March 3, 2008, in Case No. F052435.[2] Petitioner then filed his Petition for Review in the California Supreme Court on April 3, 2008, and the Petition for Review was denied on June 11, 2008, in Case No. S161793.  Thereafter, on June 19, 2008, remittitur issued, at which time the case was deemed "complete."

On June 9, 2009, however, presumably in response to the Court's May 27, 2009 Findings and Recommendations, Petitioner filed a letter with the 5th DCA requesting to reopen his direct appeal, evidently in order to address the unexhausted issues in the original petition.  Two days later, on June 11, 2009, the 5th DCA denied Petitioner's motion, indicating that because remittitur had previously issued, the 5th DCA no longer retained jurisdiction of the direct appeal.  In the Court's review of the State's electronic database, no corresponding motion to reopen the appeal has ever been filed in the California Supreme Court in Case no. S161793.

Thus, the Court concludes that Petitioner has yet to present the unexhausted claims in the amended petition to the California Supreme Court.  It appears that Petitioner is under the misapprehension that because he filed a letter with the 5th DCA asking to reopen his appeal to include the unexhausted grounds for relief, he has now exhausted those claims in the amended petition.  Petitioner is mistaken.  As indicated above, in order to exhaust a claim, a petitioner must present his claim to the <u>state's highest court</u>, i.e.,  the California Supreme Court.

_____

[2]The court may take notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); <u>United States v. Bernal-Obeso</u>, 989 F.2d 331, 333 (9th Cir. 1993). The record of state court proceeding is a source whose accuracy cannot reasonably be questioned, and judicial notice may be taken of court records. <u>Mullis v. United States Bank. Ct.</u>, 828 F.2d 1385, 1388 n.9 (9th Cir. 1987); <u>Valerio v. Boise Cascade Corp.</u>, 80 F.R.D. 626, 635 n. 1 (N.D.Cal.1978), <i>aff'd</i>, 645 F.2d 699 (9th Cir.); <u>see also</u> <u>Colonial Penn Ins. Co. v. Coil</u>, 887 F.2d 1236, 1239 (4th Cir. 1989); <u>Rodic v. Thistledown Racing Club, Inc.</u>, 615 F.2d 736, 738 (6th. Cir. 1980). As such, the internet website for the California Courts, containing the court system's records for filings in the Court of Appeal and the California Supreme Court, are subject to judicial notice.

Although the amended petition alleges that Petitioner's motion to reopen his appeal was presented to the California Supreme Court (Doc. 11, p. 4), that does not appear to be the case. In explaining where he filed his motion to reopen his appeal, Petitioner referenced case no. F052435, which is a 5th DCA case number, not a California Supreme Court case number. Moreover, as mentioned, the state courts' electronic database does not list any further action by the California Supreme Court after the denial of Petitioner's Petition for Review on June 11, 2008. Instead, it only records the motion to reopen filed by Petitioner in the 5th DCA and denied on June 11, 2009.

Therefore, the Court finds that Petitioner has not presented the unexhausted claims raised in the amended petition to the California Supreme Court, and thus the amended petition is a mixed petition containing exhausted and unexhausted claims. The Court must dismiss a mixed petition without prejudice to give Petitioner an opportunity to exhaust the claim if he can do so. See Rose, 455 U.S. at 521-22. However, Petitioner will be provided with an opportunity to withdraw the unexhausted claims and proceed on the exhausted claims.

## ORDER

Accordingly, the Court HEREBY ORDERS that the Findings and Recommendations dated May 27, 2009 (Doc. 10), are WITHDRAWN.

## RECOMMENDATION

Based on the foregoing, the Court HEREBY RECOMMENDS that the Amended Petition for Writ of Habeas Corpus (Doc. 11), be DISMISSED without prejudice, for lack of exhaustion.[3] This Findings and Recommendation is submitted to the United States District Court Judge assigned to the

---

[3]A dismissal for failure to exhaust is not a dismissal on the merits, and Petitioner will not be barred from returning to federal court after Petitioner exhausts available state remedies on 28 U.S.C. § 2244 (b)'s prohibition on filing second petitions. See In re Turner, 101 F.3d 1323 (9th Cir. 1996). However, the Supreme Court has held that:

> [I]n the habeas corpus context it would be appropriate for an order dismissing a mixed petition to instruct an applicant that upon his return to federal court he is to bring only exhausted claims. See Fed. Rules Civ. Proc. 41(a) and (b). Once the petitioner is made aware of the exhaustion requirement, no reason exists for him not to exhaust all potential claims before returning to federal court. The failure to comply with an order of the court is grounds for dismissal with prejudice. Fed. Rules Civ. Proc. 41(b).

Slack v. McDaniel, 529 U.S. 473, 489 (2000). Therefore, Petitioner is forewarned that in the event he returns to federal court and files a mixed petition of exhausted and unexhausted claims, the petition may be dismissed with prejudice.

case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.

**Petitioner may, at his option, move to withdraw the unexhausted claims within thirty (30) days of the date of service of this Recommendations and proceed with only the exhausted claims. <u>If Petitioner fails to withdraw the unexhausted claims within the thirty (30) day time frame, the Recommendations will be submitted to the District Judge for dismissal of the petition so Petitioner can return to state court to exhaust his unexhausted claims.</u> <u>Rose</u>, 455 U.S. at 520.** This dismissal will not bar Petitioner from returning to federal court after exhausting available state remedies. However, this does not mean that Petitioner will not be subject to the one year statute of limitations imposed by 28 U.S.C. § 2244(d). Although the limitations period is tolled while a properly filed request for collateral review is pending in state court, 28 U.S.C. § 2244(d)(2), it does not toll for the time an application is pending in federal court. <u>Duncan v. Walker</u>, 531 U.S. 991 (2001).

Within thirty (30) days after being served with a copy of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the Objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the Objections. Provided Petitioner does not move to withdraw the unexhausted claim, the Finding and Recommendation will be submitted to the District Court for review of the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **July 9, 2009**                    **/s/ Gary S. Austin**
                                                    UNITED STATES MAGISTRATE JUDGE